## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**UNITED STATES,**

    **Plaintiff,**

    **v.**

**ROBERT WILLIS,**

    **Defendant.**

Case No. 95-CR-20013-JAR

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Robert Willis' Motion to Reduce Sentence – First Step Act (Doc. 123) and Defendant's Amended Motion to Reduce Sentence – First Step Act (Doc. 126). For the reasons provided below, Defendant's motions are granted.

### I.  Background

On June 23, 1995, Defendant was convicted by jury of one count of conspiracy to commit bank larceny, in violation of 18 U.S.C. § 371, and one count of assault during an attempted bank larceny, in violation of 18 U.S.C. § 2113(b), (d).[1] On September 11, 1995, Defendant was sentenced to life imprisonment due to the offenses for which he was convicted and his prior criminal convictions that made him subject to a statutory minimum sentence of life imprisonment.[2] He was also sentenced to a five-year term of supervised release.[3]

---

[1] Doc. 72.

[2] Doc. 81.

[3] *Id.*

The Tenth Circuit affirmed his convictions and sentence.[4]  Defendant filed a postconviction petition under 28 U.S.C. § 2255, which was denied.[5]  The Tenth Circuit affirmed the denial.[6]  Defendant requested counsel and authorization to file a successive § 2255 motion based on *Johnson v. United States*.[7]  On September 17, 2018, the Tenth Circuit denied Defendant authorization.[8]

Defendant is currently incarcerated at Greenville FCI in Illinois.  The Bureau of Prisons ("BOP") reports 284 inmates at that facility have tested positive for COVID-19, 746 inmates have been tested, and no inmates have died.[9]  There are 190 active inmate cases, eight active staff cases, and nine tests remain pending.[10]  Defendant is 68 years old, and he does not have a projected release date as he is serving a term of life imprisonment.

On July 22, 2020, Defendant filed a motion requesting compassionate release.  The Federal Public Defender ("FPD") entered an appearance to represent him approximately one week later.  Defendant's counsel filed an amended motion seeking compassionate release on August 20, 2022.  These motions request compassionate release asserting that due to Defendant's underlying medical conditions of COPD, asthma, high blood pressure, and diabetes and in conjunction with his age, obesity, and the COVID-19 pandemic, he is at high risk of serious complications or death should he contract COVID-19 while in prison.  Defendant requests that

---

[4] *United States v. Willis*, 107 F.3d 1078 (10th Cir. 1996).

[5] Doc. 107.

[6] Doc. 117; *see also United States v. Willis*, 202 F.3d 1279 (10th Cir. 2000).

[7] Doc. 118.

[8] Doc. 121.

[9] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last accessed October 21, 2020).  At the time Defendant filed his reply on September 16, there were only 10 positive cases.  The COVID-19 situation has escalated significantly over the past month.

[10] *Id.*

his time be reduced to time served.[11] His release plan is to live with his sister and her husband in Kansas City, Missouri, at a home that they have lived in since 1982. His release plan had been confirmed by the United States Probation Office ("USPO").

## II.      Legal Standards

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"[12] Section 3582(c) permits a court to modify a term of imprisonment for compassionate release only if certain exceptions apply. Until recently, these exceptions required the BOP to move on a defendant's behalf. In 2018, however, the First Step Act modified the compassionate release statute, permitting a defendant to bring his own motion for relief.[13] But a defendant may bring a motion for compassionate release from custody only if he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . . ."[14] Unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.[15]

---

[11] Defendant has also filed two supplements.

[12] *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell,* 81 F.3d 945, 947 (10th Cir. 1996)).

[13] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[14] 18 U.S.C. § 3582(c)(1)(A).

[15] *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived."); *see also United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116–17 (D. Kan. Apr. 16, 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional). *Cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

3

Where a defendant has satisfied the exhaustion requirement, a court may reduce the defendant's proposed sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons warrant such a reduction"; or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[16]  In addition, a court must ensure that any reduction in a defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[17]

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13.  The comments to § 1B1.13 contemplate four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory; (2) the defendant is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (3) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; and (4) the defendant needs to serve as a

---

[16] 18 U.S.C. § 3582(c)(1)(A).

[17] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

caregiver for a minor child, spouse, or registered partner.[18]  A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute.[19]

## III. Discussion

### A. Exhaustion

Defendant has satisfied the exhaustion requirement described in § 3582(c).  The government asserted in its response that Defendant had not satisfied the exhaustion requirement because there was no evidence that Defendant submitted a request to the Warden.  Defendant, however, filed a supplement on September 17, 2020, in which Defendant states that counsel for the BOP located Defendant's compassionate release request to the Warden.[20]  Defendant also provided his May 27, 2020 request to the Court.[21]  The government did not file any response to this supplement.  Thus, because more than thirty days have passed since Defendant filed his request with the Warden for compassionate release, this Court has jurisdiction to decide Defendant's motion.

### B. Extraordinary and Compelling Reasons

Having determined that Defendant has properly exhausted administrative remedies, the Court must next determine whether extraordinary and compelling reasons warrant reducing Defendant's sentence to time served.  Congress permitted the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence

---

[18] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

[19] *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (finding that defendant bears the burden of demonstrating entitlement to relief under § 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) (noting that the "extraordinary and compelling" standard imposes a heavy burden on an inmate seeking compassionate release under § 3582(c)(1)(A)).

[20] Doc. 135.

[21] Doc. 135-1.

5

reduction, including the criteria to be applied and a list of specific examples."[22]  The Sentencing Commission, in its commentary to U.S.S.G. § 1B1.13, has enumerated four categories of circumstances which may constitute extraordinary relief.[23]

Here, Defendant asserts that his circumstances constitute extraordinary, compelling reasons to reduce his sentence.  He contends that his underlying health conditions of COPD, asthma, high blood pressure, and diabetes coupled with his age, obesity, and the outbreak of COVID-19 in prison, makes him more susceptible to serious illness or death should he contract COVID-19.  The government concedes that per Department of Justice ("DOJ") policy and Centers for Disease Control and Prevention ("CDC") guidance, Defendant's medical conditions, in the context of the COVID-19 pandemic, constitute an extraordinary and compelling reason.  The government contends, however, that when balanced with the § 3553(a) factors, Defendant fails to demonstrate a situation so severe that release is warranted.  Accordingly, the Court will move on to consider the § 3553(a) factors.

### C.      Section 3553(a) Factors

The Court next considers whether Defendant's reduction would comply with the sentencing factors enumerated in 18 U.S.C. § 3553(a).  That statute requires courts to "impose a sentence sufficient, but not greater than necessary" in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and

---

[22] 28 U.S.C. § 994(t).

[23] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;
>
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.[24]

While the Court takes all seven § 3553 factors into account, those most pertinent to Defendant's case are the nature and circumstances of the offense and the history and characteristics of the offense, the need for the sentence imposed to reflect the seriousness of the offense, the need to provide adequate deterrence, and the need to protect the public from further crimes. In consideration of these factors, the Court concludes that releasing Defendant now will leave him with a sentence that is "sufficient, but not greater than necessary."

In this case, Defendant was found guilty by a jury, in 1995, of one count of conspiracy to commit bank larceny and one count of assault during an attempted bank larceny. The underlying facts of this conviction include that Defendant, along with three other individuals, attempted to steal an ATM machine from a shopping mall. During the attempt, upon being discovered by maintenance workers, the four individuals, including Defendant, attempted to flee. As they were fleeing, one individual fired two shots from a firearm into the mall. Defendant was the only individual apprehended, and the other three individuals were never arrested. When Defendant was found inside the mall, he did not have a firearm in his possession nor was the firearm ever discovered. He was not identified as the perpetrator or the shooter of the firearm. His first trial

---

[24] 18 U.S.C. § 3553(a).

ended in a mistrial.  Defendant's second trial ended in conviction.  Due to his prior convictions, one of which occurred when he was seventeen years old and the other occurring when he was eighteen years old,[25] Defendant's offense qualified him for a statutory minimum of life imprisonment.  Thus, he received a substantial sentence in relation to his offense.

The Court recognizes that Defendant has had several significant prior criminal offenses.  At the same time, he has served twenty-five years for conspiracy to commit bank larceny and assault during an attempted bank larceny.  The government agrees that Defendant does not necessarily pose a direct and immediate danger to society at large.  In addition, the government agrees that Defendant has taken positive steps while serving his sentence.  The government primarily asserts that reduction to time served would run counter to the nature and seriousness of his offense.  The Court disagrees.

As noted above, Defendant received substantial time for the offenses committed.  He has already served a significant amount of time, twenty-five years, for his offenses.  In the past ten years, he has not had any disciplinary incidents in jail.  He has completed multiple courses in prison, including money management and communication courses.  For the past two years, he has held a job with UNICOR.  Defendant also submitted a letter to the Court in which he expresses regret for his offense and that he has attempted to rehabilitate himself while in prison.

Defendant's situation is especially serious at the facility in which he is housed.  Approximately one month ago, there were only ten positive COVID-19 cases in the facility.  Since that time, cases have risen exponentially.  Currently, there are 190 active inmate cases.  As noted above, Defendant is 68 years old and has multiple underlying medical conditions that

---

[25] His prior convictions involved armed robberies.  Upon being paroled for these convictions, he committed another robbery within one year of his release which resulted in Defendant being imprisoned again for a significant amount of time.

increase his risk of serious complications or death should he contract COVID-19 in prison. A reduced sentence under § 3582(c)(1)(A) is not inconsistent with the seriousness of the offense, the need for deterrence, and the need to protect the public.

In light of Defendant's current medical conditions, the COVID-19 pandemic, and the applicable factors under § 3553(a), the Court finds a sentence of time served is sufficient, but not greater than necessary, to reflect the seriousness of his offense, afford adequate deterrence, and protect the public. Accordingly, the Court reduces Defendant's sentence of life imprisonment to time served. Defendant shall remain subject to his standard term of supervised release of five years, which will begin immediately upon his release.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Robert Willis's Motion to Reduce Sentence and Amended Motion to Reduce Sentence (Docs. 123, 126) are **GRANTED**. The Court reduces Defendant's sentence to time served.

**IT IS FURTHER ORDERED** that there being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure Defendant's safe release. Defendant shall be released as soon as appropriate travel arrangements have been made and it is safe for Defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, then the parties shall immediately notify the Court and show cause why the stay should be extended.

**IT IS FURTHER ORDERED** that Defendant's term of supervised release will begin immediately upon his release from the Bureau of Prisons. All previously imposed terms and conditions of supervised release remain in effect. During the first fourteen days of his term of supervised release, Defendant shall self-quarantine.

**IT IS SO ORDERED.**

Dated: October 22, 2020

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                CHIEF UNITED STATES DISTRICT JUDGE